```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


TITO POLLICE and VIOLET POLLICE,   )
individually and on behalf of      )
all others similarly situated,     )
                                   )
              Plaintiffs,          )
                                   )
         v.                        )   Civil Action No. 98-813
                                   )   Judge David S. Cercone/
NATIONAL TAX FUNDING L.P.,         )   Magistrate Judge Sensenich
CAPITAL ASSET RESEARCH CORP,       )
LTD., CAULIS NEGRIS, L.L.C.,       )
MBIA, INC., MBIA INSURANCE         )
CORPORATION, and MBIA              )
MUNISERVICES COMPANY,              )
                                   )
              Defendants.          )
                                   )
                                   )
GLADYS HOUCK, MARIE DEMITRAS,      )
BRAGETTE PARKER and MARY WALSH,    )
on their own behalf and on         )
behalf of all others similarly     )
situated,                          )
              Plaintiffs,          )
                                   )   Civil Action No. 98-850
         v.                        )
                                   )
CAPITAL ASSET RESEARCH CORP.,      )
LTD., NATIONAL TAX FUNDING,        )
L.P. and CAPITAL ASSET HOLDINGS    )
GP, INC.,                          )
              Defendants.          )
```

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE RESOLUTION OF THE DISPUTE OF CLAIMANT KATHLEEN GIVENS**

Sensenich, Magistrate Judge

I.   INTRODUCTION

   Defendants in the case, National Tax Funding, L.P. (hereinafter "NTF"), *et al.* and Capital Asset Research Corp., Ltd. (hereinafter "CARC"), *et al.*, purchased from the City of

Pittsburgh the outstanding debts of property owners who had failed to pay property taxes and/or water and sewerage charges. Many of the liens were reassigned to another Defendant in this action, Caulis Negris LLC (hereinafter "Caulis"), which is an affiliate of NTF.  Judge Ziegler determined that the 18% interest assessed on the debts (apparently both by the City and then by Defendants) was excessive and should not have exceeded 10%.  His decision resulted in a class of plaintiffs who were entitled to recalculation of the amount of their debt as well as refunds if the amount they already paid exceeded the recalculated debt.  The recalculations, which were based on the original records obtained from the City of Pittsburgh, were made by an independent auditor for Plaintiffs.  The parties entered into a settlement agreement which provided a method for the property owners to challenge the recalculations of their debts.  In order for the owner to receive a review of his account, he was required to submit a dispute resolution form, which was provided with the notice of the settlement.  Under the Settlement Agreement, a property owner was not entitled to a refund if he had liens on other properties.  Rather, any refund to which he was entitled was applied to offset the outstanding debt on the other properties.

The parties reported that all claims had been settled except those of Kathleen D. Givens.  Ms. Givens owns the following eight properties that are subject to the Settlement

Agreement:  7246 Idlewild Street, 1315 Oberlin Street, a lot on Oberlin Street adjacent to 1315 Oberlin Street, 7707 Baxter Street, 7713 Baxter Street, 7720 Calway Street, 1320 Oakdene Street, and a lot on Oakdene Street.  She filed a dispute resolution form challenging the recalculations of her debt for the property at 7246 Idlewild Street, as required by the Settlement Agreement.  She did not file a dispute resolution form for her residence, 1315 Oberlin Street,[1] although she admits she was notified about the claims against the property.  Nor did she file dispute resolution forms for the other six properties that she owns; she alleges that she was never notified about claims against those properties.

      I concluded that pursuant to the terms of the Settlement Agreement an evidentiary hearing would be necessary.  The hearing was convened on April 13, 2005 and was continued and reconvened on July 26, 2006.  During the interval between the two hearing dates Ms. Givens obtained counsel, however, her counsel did not appear at the evidentiary hearing that took place on July 26, 2006.

      At the hearing, Ms. Givens testified on her own behalf. Testifying for Defendants were Bruce Nelson, a representative of

---

[1] This property is registered to Calvin and Ophelia Bray, her deceased parents.  There is no dispute over her ownership of this property.  (Givens Dep. at 11, Ex 3 to Defs.' Proposed Findings of Fact (Doc. No. 304).)

the firm that independently recalculated the amount of the debts, and Connie Ryan, a CARC employee.  Bernard Rubb, Class Counsel, also testified in an effort to clarify certain matters regarding Ms. Givens' entitlement to a refund.

II.   <u>FINDINGS OF FACT</u>

    1.   For purposes of this litigation, the term "Class Members," as defined by the Settlement Agreement, means:

     (i)  all present or former owners of real estate in the City of Pittsburgh or the Borough of Mt. Oliver, situated in Allegheny County, Pennsylvania, who own or owned real property that has been or is, as of the date of this Agreement, subject to claims and/or encumbered by liens for delinquent City and/or School District property taxes, ALCOSAN, City, or PWSA sewer charges, or City or PWSA water charges, the claims and/or liens for which, as of the date of this Agreement, have been or were purported to have been assigned to NTF or Caulis;

    (ii)  all parties claiming an equitable or other interest in any of the real property identified in clause (i), or in any claim against any Defendant relating in any manner to any Assigned Tax or Utility Claim, including but not limited to subrogees, other non-owners who paid any Assigned Tax or Utility Claim, heirs, legal representatives, successors, or other assignees, whether by contract, operation of law, or otherwise, whether voluntary or involuntary, with respect to any such real property or Assigned Tax or Utility Claim or any such claim against any Defendant; . . . .

   (Ex. 1 Part 1, Settlement Agreement Art. ¶ 1.1 in Defs.' Proposed Findings of Fact (Doc. No. 304).)[2]

2. The claimant, Kathleen D. Givens, owns eight properties that are subject to claims and/or encumbered by liens for delinquent property taxes and water and sewerage charges and is therefore, a member of the class of Plaintiffs and subject to the provisions of the Settlement Agreement. (See Exs. 6, 7, 9 and 11.)

3. Pursuant to the terms of the Settlement Agreement, "Disputes of individual Class Members regarding calculation of any Tentative Aggregate Refund Amount, Refund Amount or Recalculated Outstanding Amount, and disputes regarding status as an Eligible Class Member or as an Owner-Occupant, shall be heard by a Magistrate Judge designated by Judge Ziegler or other judge to whom the *Pollice* and *Houck* actions have been assigned." (Ex. 1 Part 1, Settlement Agreement Art. 8 ¶ 8.2.)

4. By Order of Judge Cercone dated May 27, 2004, I have been designated pursuant to 28 U.S.C. § 636(c)(1) to exercise jurisdiction to hear and try dispute resolution matters involving Class Members pursuant to section 8.2 of the Settlement Agreement and to direct

---

[2] Hereinafter, unless otherwise indicated, all references to exhibits will be to the exhibits attached to Doc. No. 304, Defendants' Proposed Findings of Fact.

      the entry of judgments therein. (See Order attached to Doc. No. 275.)

5. The Recalculated Outstanding Amounts calculated as provided in the Settlement Agreement are valid and binding on Eligible Class Members, unless they are successfully challenged pursuant to the Dispute Resolution Procedures. (Ex. 1 Part 1, Settlement Agreement Art. 5 ¶ 5.2.)

6. According to the procedure developed for resolution of disputed claims, the "assigned principal amount" and "assigned interest and penalty" are presumed to be valid unless the claimant overcomes the presumption of validity by proferring clear documentary evidence to the contrary. (*Id.*)

7. Kathleen D. Givens has been identified as the owner of eight properties that are subject to Assigned Tax or Utility Claims. (*See id.*, Art. 3 ¶ 3.1.)

8. Those eight properties are:

    7246 Idlewild Street

    1315 Oberlin Street

    a lot on Oberlin Street adjacent to 1315 Oberlin Street

    7707 Baxter Street

    7713 Baxter Street

    7720 Calway Street

>    1320 Oakdene Street
>
>    a lot on Oakdene Street

9.  If a taxpayer had paid some, but not all, liens in full, the refund generated by those payments would be applied against the Recalculated Outstanding Amount of the remaining liens on the property or on the unpaid liens on other of the taxpayer's properties.  (Ex. 1 Part 1, Settlement Agreement Art. 3 ¶¶ 3.1 & 3.2.)

10. Ms. Givens disputes the amount of the balance claimed to be owing after recalculation of the balance on her property at 7246 Idlewild Street.

11. Ms. Givens claims a refund for payments she made on liens against her residence, 1315 Oberlin Street.

12. Ms. Givens does not dispute her ownership of 1315 Oberlin Street, although it is in the names of Calvin and Ophelia Bray, her deceased parents.  (*See* n.1 *supra.*)

13. Ms. Givens disputes Defendants' claims against a lot on Oberlin Street (adjacent to 1315 Oberlin), which contains a carport used by 1315 Oberlin Street, on the ground that she was not notified of those claims.

14. Ms. Givens disputes Defendants' claims against the property at 7707 Baxter Street, on the ground that she was not notified of those claims.

15. Ms. Givens disputes Defendants' claims against the property at 7713 Baxter Street, on the ground that she was not notified of those claims.

16. Ms. Givens disputes Defendants' claims against the property at 7720 Calway Street, on the ground that she was not notified of those claims.

17. Ms. Givens disputes Defendants' claims against the property at 1320 Oakdene Street, on the ground that she was not notified of those claims.

18. Ms. Givens disputes Defendants' claims against a lot on Oakdene Street, on the ground that she was not notified of those claims.

19. Ms. Givens has not made any payments on the liens against the properties at the lot on Oberlin Street adjacent to 1315 Oberlin, 7707 Baxter Street, 7713 Baxter Street, 7720 Calway Street, 1320 Oakdene Street, and the lot on Oakdene Street.

20. Notices regarding the properties at 1315 Oberlin, the Oberlin lot, 7246 Idlewild Street, 7707 Baxter, and 7713 Baxter were mailed to 1315 Oberlin, Ms. Givens' residence. (Exs. 6 & 7.)

21. Notice regarding the Oakdene Lot was mailed to 7246 Idlewild, an address where Ms. Givens admits she receives mail that is sent to her. (*Id.;* see also

      Givens Dep. at 28, Ex 3 to Defs.' Proposed Findings of Fact (Doc. No. 304).)

22. Notice regarding 1320 Oakdene was mailed to 1320 Oakdene.  (Exs. 6 & 7.)

23. Notice regarding 7720 Calway was mailed to 7707 Baxter. (*Id.*)

24. Notices were also published in the Post Gazette and Tribune-Review.  (Ex. 12, Proofs of Publication.)

25. The notice provided to the class members was the best practical and reasonable notice possible and satisfied all requirements under the law.  (Finding of Fact No. 125 (Doc. No. 265).)

26. The deadline for challenging a refund amount was July 30, 2003.  (Ex. 1 Part 1, Settlement Agreement Art. 8 ¶ 8.2.)

27. The deadline for challenging a Recalculated Outstanding Amount was December 30, 2003.  (*Id.*)

28. On September 10, 2003, CARC received a "Request to Initiate Dispute Resolution Procedure" from Ms. Givens, relating to the property at 7246 Idlewild Street, disputing "the amount of the balance claimed to be owing after the recalculation of the balance."  (Ex. 3, Part 2.)

29. Pursuant to the Settlement Agreement, the Reviewers determined that Ms. Givens was entitled to a refund of $4,146.14 arising from overpayments on the satisfied liens on the property located at 7246 Idlewild Street. (*Id.*)

30. Defendants have credited her with $4,146.14 as an offset against the remaining unpaid liens on this property. (*Id.*)

31. Ms. Givens has produced receipts showing a total of $10,250.00 in payments on the Idlewild property. (Ex. 3 Part 1 and Givens Ex. A.)

32. In calculating the refund under the Settlement Agreement, the Reviewers collectively credited Ms. Givens with $20,189.67 in payments against the liens on the property located at 7246 Idlewild Street. (Ex. 13.)

33. With respect to property at 7246 Idlewild Street, Ms. Givens is not entitled to any refund beyond that previously credited by Defendants, and, after giving effect to such credit, as of July 31, 2006 she owes Defendants NTF and/or Caulis a total of $1,442.38 arising out of tax and/or municipal utility claims against this property. (Ex. 14 Part 2.)

34. Pursuant to the Settlement Agreement, the Reviewers determined that Ms. Givens was entitled to a refund of $2,163.92 arising from overpayments on the satisfied liens on the property located at 1315 Oberlin Street. (Ex. 3 Part 2.)
35. Defendants have credited her with $2,163.92 as an offset against the remaining unpaid liens on this property.  (*Id.*)
36. Ms. Givens did not produce any payment receipts for the property at 1315 Oberlin Street.
37. In calculating the refund under the Settlement Agreement, the Reviewers collectively credited Ms. Givens with $13,383.08 in payments against the liens on the property located at 1315 Oberlin Street. (Ex. 13.)
38. With respect to property at 1315 Oberlin Street, Ms. Givens is not entitled to any refund beyond that previously credited by Defendants, and, after giving effect to such credit, as of July 31, 2006 she owes Defendants NTF and/or Caulis a total of $3,342.56 arising out of tax and/or municipal utility claims against this property.  (Ex. 14 Part 1.)
39. As of July 31, 2006, Ms. Givens owes a total of $11,451.02 to Defendants NTF and/or Caulis arising out

      of tax and/or municipal utility claims against the property at 1320 Oakdene Street.  (*Id.*)

40. As of July 31, 2006, Ms. Givens owes a total of $2,653.61 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the lot on Oakdene Street.   (*Id.*)

41. As of July 31, 2006, Ms. Givens owes a total of $4,045.69 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the lot on Oberlin Street.  (*Id.*)

42. As of July 31, 2006, Ms. Givens owes a total of $20,230.82 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7713 Baxter Street.  (Ex. 14 Part 2.)

43. As of July 31, 2006, Ms. Givens owes a total of $9,136.86 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7720 Calway Street.  (*Id.*)

44. As of July 31, 2006, Ms. Givens owes a total of $17,995.16 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7707 Baxter Street.  (*Id.*)

    45.    Defendants are entitled to judgment in their favor and against Ms. Givens, as of July 31, 2006, in the total amount of $70,298.10.

III. <u>CONCLUSIONS OF LAW</u>

    1.    Pursuant to the terms of the Settlement Agreement and by Order of Judge Cercone dated May 27, 2004, I have authority to hear and decide Ms. Givens' dispute and to enter judgment accordingly.

    2.    As to all eight properties owned by Ms. Givens that are subject to the Settlement Agreement, the notice provided to Ms. Givens was legally sufficient.

    3.    Ms. Givens failed to timely challenge the amount of refund as to the property located at 7246 Idlewild Street.

    4.    Ms. Givens timely challenged the Recalculated Standing Amount as to the property located at 7246 Idlewild Street.

    5.    Ms. Givens failed to timely challenge both the Amount of Refund and the Recalculated Standing Amount as to the properties located at 1315 Oberlin Street, a lot on Oberlin Street adjacent to 1315 Oberlin Street, 7707 Baxter Street, 7713 Baxter Street, 7720 Calway Street, 1320 Oakdene Street, and a lot on Oakdene Street.

6. With respect to property at 7246 Idlewild Street, Ms. Givens is not entitled to any refund beyond that previously credited by Defendants, and, after giving effect to such credit, as of July 31, 2006 she owes Defendants NTF and/or Caulis a total of $1,442.38 arising out of tax and/or municipal utility claims against this property.

7. With respect to property at 1315 Oberlin Street, Ms. Givens is not entitled to any refund beyond that previously credited by Defendants, and, after giving effect to such credit, as of July 31, 2006 she owes Defendants NTF and/or Caulis a total of $3,342.56 arising out of tax and/or municipal utility claims against this property.

8. As of July 31, 2006, Ms. Givens owes a total of $11,451.02 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property at 1320 Oakdene Street.

9. As of July 31, 2006, Ms. Givens owes a total of $2,653.61 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the lot on Oakdene Street.

10. As of July 31, 2006, Ms. Givens owes a total of $4,045.69 to Defendants NTF and/or Caulis arising out

> of tax and/or municipal utility claims against the lot on Oberlin Street.

11. As of July 31, 2006, Ms. Givens owes a total of $20,230.82 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7713 Baxter Street.

12. As of July 31, 2006, Ms. Givens owes a total of $9,136.86 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7720 Calway Street.

13. As of July 31, 2006, Ms. Givens owes a total of $17,995.16 to Defendants NTF and/or Caulis arising out of tax and/or municipal utility claims against the property located at 7707 Baxter Street.

14. Defendants are entitled to judgment in their favor and against Ms. Givens, as of July 31, 2006, in the total amount of $70,298.10.

15. In accordance with the terms of the Settlement Agreement all amounts owed by Ms. Givens shall continue to bear interest.

*s/Ila Jeanne Sensenich*
ILA JEANNE SENSENICH
United States Magistrate Judge

Dated:  August 17, 2006

cc: electronically to all parties of record

    Kathleen D. Givens
    1315 Oberlin Street
    Pittsburgh, PA  15206-1955